# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Francisco Sanchez Acosta

Case No.

Chapter 13 Plan

_____/
           Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $850 x 14 months; then $1,000 x 12 months; then $1,200 x 32 months, in addition to the payments provided in paragraph 7.
Initial attorneys fees are requested in the amount of $5,000.
  ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|---|---|---|---|---|
| Bank of the West | 6,000 | n/a | 60 | 5.00% |
| Tax Collector - Santa Clara Co | 400,000 | $13,000 | 10 | 5.00% |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
      X at a rate of _zero_ cents on the dollar. The estimated term of the plan is _58_ months. (Percentage Plan)
      __ the sum of $_____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:
   Name         Monthly Payment      Name         Monthly Payment

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   __ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   X revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The protections of 11 U.S.C. § 362 shall continue to apply to property of the Debtor(s) as well as property of the estate during the pendency of this case. In addition to the plan payments set forth in paragraph 1 above, the Debtor shall commit to this plan all post-petition income tax refunds and significant portions of his overtime income as he may receive it from time to time. Due to these additional, but irregular sources of payment, Debtor shall complete this case case within sixty months of confirmation of this plan. See attachment.

Dated: 11/06/09

Debtor, Francisco Sanchez Acosta

Rev. 12/06

Case: 09-59696    Doc# 4    Filed: 11/06/09    Entered: 11/06/09 13:49:58    Page 1 of 2

In re:   FRANCISCO SANCHEZ ACOSTA

ATTACHMENT TO CHAPTER 13 PLAN – Paragraph 7. Other provisions:

| | |
|---|---|
| Address of Debtor(s)' Real Property: | 2920 Remington Wy, San Jose CA 95148 |
| Real property is Debtor(s)' residence: | Yes /No/x |
| Name of First Lender: | OneWest Bank - IndyMac Mtg |
| Name of Second Lender: | Quantum Servicing |

First Lender:
The claim of First Lender, secured by a first deed of trust on the Debtor(s)' residence, shall be paid through a loan modification under the Making Home Affordable HAMP program, or other similar modification program if Debtor(s)' loan is not eligible for a HAMP modification. A separate letter requesting such modification is being sent to First Lender's HAMP, Home Retention, or Loss Mitigation department for review under the HAMP guidelines. The Trustee shall disburse no funds on arrears claims to said First Lender. Debtor(s) shall make payments to said First Lender as provided for in a loan modification offered by First Lender (which is in compliance with the rules and regulations of the Making Home Affordable HAMP program, if offered under that program), with written approval of the Chapter 13 Trustee, which shall constitute approval of the loan modification by this Court. If no loan modification is agreed upon and approved including all pre-petition arrears, Debtor(s) shall modify the confirmed plan to otherwise provide for the claim of First Lender. Before approval of a loan modification, Debtor(s)' post-petition monthly payments to First Lender shall be in the amount of $ __1,538__ and shall commence in __January 2010__. The provision for these payments in the plan is not binding on the First Lender in any way and may be superseded by further order of this Court.

Second Lender:
_____ The claim of Second Lender, secured by a second deed of trust on the Debtor(s)' residence, shall be paid through a loan modification under the Making Home Affordable 2MP program, or other similar modification program if Debtor(s)' loan is not eligible for a 2MP modification. A separate letter requesting such modification is being sent to Second Lender's 2MP, Home Retention, or Loss Mitigation department for review under the 2MP guidelines. The Trustee shall disburse no funds on arrears claims to said Second Lender. Debtor(s) shall make payments to said Second Lender as provided for in a loan modification offered by Second Lender (which is in compliance with the rules and regulations of the Making Home Affordable 2MP program, if offered under that program), with written approval of the Chapter 13 Trustee, which shall constitute approval of the loan modification by this Court. If no loan modification is agreed upon including all pre-petition arrears, Debtor(s) shall modify the confirmed plan to otherwise provide for the claim of Second Lender. Before approval of a loan modification, Debtor(s)' post-petition monthly payments to Second Lender shall be in the amount of $_____ and shall commence in _____. The provision for these payments in the plan is not binding on the Second Lender in any way and may be superseded by further order of this Court.

__XX__  Debtor(s)' Real Property has a current fair market value of $ __400,000__.

_____ The Second Lender is the holder of a secured claim and Debtor(s) shall continue paying the regular monthly mortgage payments in the amount of $_____. Pre-petition arrears secured by the value shown above, in the approximate amount of $_____ shall be cured by this plan, bear no interest, and be disbursed by the Trustee with $10 adequate protection payments.

__XX__ The Second Lender is not the holder of a secured claim and the rights of Second Lender (or its successor, agent, or assign) shall be modified to void its lien encumbering Debtor(s)' said real property. Debtor(s) shall file a motion to value and avoid said lien. If the motion is denied, Debtor(s) shall modify this plan to provide for this claim as secured and provide for the pre-petition arrears. The Trustee shall disburse no funds on arrears claims to Second Lender and Debtor(s) shall make no further payments on said loan, except in the event that a subsequent modified plan so requires.

__XX__  There are no additional junior mortgages and there is no page 2 of this attachment.

Dated: _____

__11/06/09__
Debtor,

Debtor, FRANCISCO SANCHEZ ACOSTA